577 F.2d 463
 98 L.R.R.M. (BNA) 2869, 84 Lab.Cas. P 10,656
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
WOODLINE, INC., Marshall Wood, an Individual, and Marshall
Wood d/b/a Fort Smith Cartage Company, Respondent.
 No. 77-1867.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 18, 1978.
Decided June 20, 1978.
 
 Ellen P. Spangler, Atty., N. L. R. B., Washington, D. C., for petitioner; Janet C. McCaa, and Anne H. Andrews, Attys., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., on briefs.
 Thomas B. Staley, House, Holmes & Jewell, Little Rock, Ark., for respondent; Charles J. Lincoln, II, Little Rock, Ark., on brief.
 Before HEANEY and STEPHENSON, Circuit Judges, and BECKER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The National Labor Relations Board petitions for enforcement of its order against Woodline, Inc., Marshall Wood, an individual, and Marshall Wood, d/b/a Fort Smith Cartage Company. The Board found that Woodline and Fort Smith Cartage Company constituted a single integrated employer within the meaning of the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq. It further found that the employer violated § 8(a)(1) and (3) of the Act by interrogating employees about Union activities, by threatening employees with reprisals and by discriminatorily discharging eight employees because of their Union activities, and that it violated § 8(a)(1) and (5) of the Act by refusing to bargain with Teamsters Local Union No. 373, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America. The Board's order required the employer to bargain with the Union, to reinstate the eight discharged employees and make them whole for any loss of earnings and to post appropriate notices.[1]
 
 
 2
 The employer contends on appeal that the Board's finding that the eight employees were discriminatorily discharged is not supported by substantial evidence on the record as a whole. It argues, alternatively, that it offered reinstatement to the discharged employees and that the Board arbitrarily refused to accept its offer. It also contends that the bargaining order was improvidently issued. We have carefully reviewed the record and find that the Board's findings are supported by substantial evidence on the record as a whole and that no errors of law were committed.
 
 
 3
 The employer's principal argument with respect to the discharges appears to be that the eight employees were not discharged because of Union activities but were properly laid off when it became necessary for Marshall Wood to lease the operating authority of another company, the Carter Truck Line, Inc., to continue in business. Neither the Board nor this Court questions the need for Wood to acquire the operating authority from Carter. However, this acquisition did not justify the discharge of the eight employees since new employees were hired off the street to replace those who had been let go. Moreover, such hiring was under the control and direction of Wood and his supervisors.
 
 
 4
 The employer's contention that the eight discharged employees were offered reinstatement should be dealt with in the back pay proceedings. See N. L. R. B. v. Deena Artware, 361 U.S. 398, 80 S.Ct. 441, 4 L.Ed.2d 400 (1960).
 
 
 5
 The Board was justified in issuing the bargaining order. The Union had obtained valid authorization cards from a majority of the employees, and the employer's unfair labor practices were so pervasive that there was little or no possibility that their effects could be erased and a fair election insured. See N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).
 
 
 6
 The Board's order is enforced.
 
 
 
 *
 The Honorable William H. Becker, Senior District Judge, Western District of Missouri, sitting by designation
 
 
 [1]
 The Board's decision is reported at 231 N.L.R.B. 150 (1977)